```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WOODS OVIATT GILMAN, LLP,

                        Plaintiff,                12-CV-6286T

v.                                                ORDER

UNITED STATES OF AMERICA, INTERNAL
REVENUE SERVICE, STATE OF NEW YORK,
by Commissioner of the New York State
Department of Environmental Conservation,
ESTATE OF LOUIS F. SINISGALLI, Deceased
and SINISGALLI, INC.

                        Defendants.
_____
```

## INTRODUCTION

Plaintiff Woods Oviatt Gilman, LLP, ("Woods Oviatt") a law firm based in Rochester, New York, brings this interpleader action pursuant to Rule 22(a)(1) of the Federal Rules of Civil Procedure, 28 U.S.C. § 2410(a)(5), and 26 U.S.C. § 7402 seeking, inter alia, an Order from the Court allowing it to deposit certain contested funds in its possession into the Registry of the Court and an injunction against the defendants from instituting or maintaining any action to recover the contested funds. Specifically, plaintiff alleges that it is holding approximately $425,000 in a trust account which may be, or formerly may have been, the property of Louis Sinisgalli, now deceased, or Sinisgalli, Incorporated. The plaintiff contends that two parties, the defendants United States Government, by the Internal Revenue Service ("IRS"), and the New York State Department of Environmental Conservation, ("DEC") have made competing claims against the fund, and have demanded payment of the claims from the plaintiff. The plaintiff claims that

because the amount of the fund is insufficient to satisfy the competing claims, and because at least one of the claimants has threatened to hold plaintiff liable if its claim is not satisfied, it is entitled to the protection afforded by an interpleader action to resolve the competing claims, and insulate it from liability for failing to satisfy any claim made on the fund.

By motion dated January 28, 2013, plaintiff seeks an Order from the Court: (1) allowing it to deposit the funds held in escrow into the registry of this court; (2) restraining defendants from initiating any action in any court against the plaintiff to collect any portion of the fund; (3) dismissing plaintiff as a party; and (4) requiring defendants to litigate their claims to the funds in this court.

Defendant IRS opposes plaintiff's motion, and cross-moves for judgment on the pleadings on grounds that this court lacks subject matter jurisdiction over the dispute. The IRS claims that because there is no federal question presented, the plaintiff's claim must be dismissed, and plaintiff must pursue its claim in State court.[1]

A third party, proposed defendant Donna Sinisgalli, claims that she also has an interest in the property held by Woods Oviatt, and moves to intervene as a defendant.

---

[1] The IRS claims that should plaintiff file a claim against it in State court, it will promptly remove the action to this Court pursuant to 28 U.S.C. § 1444. The IRS claims that absent this circuitous route, this court will lack jurisdiction to resolve the competing claims, and any judgment rendered by this Court may be subject to attack on jurisdictional grounds.

For the reasons set forth below, I grant plaintiff's motion to deposit the funds held in trust with the Registry of this Court and to be dismissed from the action. I further grant plaintiff's motion to enjoin the defendants from initiating any action in any court against the plaintiff to collect any portion of the fund. I deny the IRS's motion for judgment on the pleadings, and deny proposed defendant Donna Sinisgalli's motion to intervene as a defendant.

BACKGROUND

Plaintiff Woods Oviatt Gilman represented Louis Sinisgalli, Donna Sinisgalli (collectively "the Sinisgallis), and various companies or entities owned, operated or controlled by the Sinisgalli's (hereinafter the "Sinisgalli defendants") in an action brought in New York State Supreme Court against those parties by the New York State Department of Environmental Conservation. In that action, the DEC sought remediation of a landfill owned or controlled by the defendants. Although the parties entered into settlement agreements at various times during the course of the litigation, the defendants defaulted on many of its obligations, and the DEC sought damages from the defendants, including costs of closing and sealing the landfill.

Concurrent with the State Court proceedings, Louis Sinisgalli was the subject of a federal criminal investigation. Pursuant to that investigation, in March, 2009, federal authorities, acting pursuant to a search warrant, seized approximately $827,000 in cash

from the Sinisgalli residence.[2]  The Government apparently used approximately $400,000 of the seized funds to satisfy tax obligations of the Sinisgallis and/or various companies owned or controlled by the Sinisgallis.  The Government then deposited the remaining $425,230.74 of the seized funds ("the interpleader funds") into a trust account set up by Woods Oviatt pursuant to an Order of New York State Supreme Court Justice Evelyn Frazee in the State Supreme Court action brought by the DEC against the Sinisgalli defendants.  Pursuant to an Order issued by Judge Frazee, the funds were to be used to compensate the DEC for costs of closing the Sinisgalli Landfill.

Although the Federal Government had deposited the interpleader funds into the trust account, on May 4, 2012, the IRS filed a Notice of Levy against the fund seeking an additional $171,171.93 in back-taxes and penalties allegedly owed by Louis Sinisgalli.[3]  Woods Oviatt, as Trustee of the fund, informed Judge Frazee of the IRS claim, and invited the IRS to attend a conference of all parties before Judge Frazee for the purpose of determining the parties' respective rights to the proceeds of the fund.  The IRS, however, declined to participate in such a conference on grounds

---

[2] The nature of the criminal proceedings is not disclosed in the record before this court.  The Court notes, however, that a federal tax evasion charge was levied against Louis Sinisgalli in September, 2010.

[3] There is no explanation in the record as to why the Government did not retain the $171,171.93 when it still had control of the funds, but only sought to levy the property after it deposited $425,230.74 of the approximately $827,000 in cash it had seized into the trust account.

that it was not a party to the State Court case, and because, in its opinion, "federal court has exclusive jurisdiction over issues where the United States claims an interest in property based on [a] federal tax lien." May 12, 2012 Letter from IRS to Woods Oviatt, attached as Exhibit "B" to the Plaintiff's Complaint. The IRS further stated that Woods Oviatt would be subject to a penalty of approximately $85,000 if it failed to comply with the notice of levy. The IRS explained that the only other option to complying with the levy was to "file an interpleader suit in federal court."[4] Id. On May 25, 2012, Woods Oviatt followed the Government's direction, and filed the instant interpleader action. Thereafter, the Government moved to dismiss plaintiff's Complaint on grounds that the Court lacks jurisdiction over an interpleader action filed by the plaintiff. Donna Sinisgalli, Louis Sinisgalli's widow, filed a motion to intervene as a defendant, claiming that she is entitled to all or a portion of the $425,230.74 that was deposited into the trust account on grounds that the money seized from the home was her lawful property, and should not have been seized pursuant to the criminal search warrant.

---

[4] The United States now takes the position that it incorrectly informed Woods Oviatt that an interpleader action could only be brought in federal court. It is now the Government's position that an interpleader action could only have been brought in state court because there is no federal question or diversity jurisdiction present. The Government, however, in its May 12, 2012 letter, expressly opined that "a state court cannot issue an order regarding an IRS levy" and that "a state court judge cannot issue an order interfering with a federal seizure (levy) of property."

DISCUSSION

Pending before the Court are three motions. First, the Government moves for judgment on the pleadings dismissing this case for lack of jurisdiction. Next, the plaintiff moves for an Order allowing it to deposit the funds it holds in trust into the Registry of the Court, for an Order dismissing it from further proceedings in this case, and for an injunction to be issued against the defendants preventing them from bringing any action against them regarding the interpleader funds in any court. Finally, Donna Sinisgalli moves to intervene as a defendant for the purpose of asserting a claim to the funds held in trust.

I. Motion for Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure provides in relevant part that upon the close of pleadings, any party may move for judgment upon the pleadings. A motion for judgment on the pleadings pursuant to Rule 12(c) is evaluated under the same standards that apply to a Rule 12(b)(6) motion to dismiss for failure to state a claim. Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2nd Cir. 2001). In evaluating the complaint for jurisdictional sufficiency, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. See King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999). In order to withstand dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007) (disavowing the oft-quoted statement from Conley

v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

The Government moves for judgment on the pleadings on grounds that this court does not have subject matter jurisdiction over the instant matter because there is no federal question presented, and no diversity of parties.

Although the plaintiff claims that this court has jurisdiction over this matter pursuant to Rule 22 of the Federal Rules of Civil Procedure, 28 U.S.C. § 2410(a)(5), and 26 U.S.C. § 7402, none of these provisions provides an independent basis for federal jurisdiction over an interpleader action.[5] See Selective Ins. Co. of America v. Norris, 209 F.Supp.2d 580, 582 (E.D.N.C., 2002)("Rule interpleader is merely a procedural device, and does not confer federal jurisdiction over a claim."; Juniper Development Group v. U.S., 774 F.Supp. 56, 59 (D.Mass., 1990)(Section 2410 "merely waives sovereign immunity, but does not authorize a suit unless there are jurisdictional grounds independent of the statute."); Salman v. Arthur Andersen LLP, 375 F.Supp.2d 1233, 1241 (D. N.M.,

---

[5] 28 U.S.C. § 2410 provides in relevant part that "the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter– .... of interpleader or in the nature of interpleader with respect to, real or personal property on which the United States has or claims a mortgage or other lien." 26 U.S.C. § 7402, part of the Internal Revenue Code, provides generally that federal district courts have jurisdiction to issue orders, enforce summons, hear cases brought by injured officers or employees of the United States, and quiet titles in actions brought by the United States.

2005)("Section 7402 does not grant the [plaintiff] a private cause of action."); U.S. v. Miljus, 2007 WL 3171591, *1 (D. Or., October 25, 2007)(Section 7402 does not "confer jurisdiction over private civil nuisance actions."). The Government contends that because the plaintiff has failed to properly identify any basis for this Court's jurisdiction over the matter, the Court must dismiss the plaintiff's Complaint.

In response to the Government's argument, the plaintiff contends that even if the provisions it cited in its Complaint do not provide a basis for federal jurisdiction over the matter, jurisdiction is proper pursuant to federal question jurisdiction, on grounds that the IRS has moved to enforce a tax lien, and has threatened plaintiff with significant civil penalties if it does not comply with the IRS's levy. The plaintiff contends that this threat of an IRS enforcement satisfies the requirement of a federal question for purposes of federal court jurisdiction over an interpleader action. The Government counters, however, that even though the IRS is attempting to enforce a tax lien, because the underlying threshold issues involved in resolving the interpleader action are issues of state law, no federal question is presented.[6]

As the Government itself acknowledges, however, numerous courts have repeatedly held that where the IRS, an agency of the federal government, acting under the authority of federal law,

---

[6] Again, despite arguing that there are no issues of federal law present, and therefore the case should have been filed in State Court, the Government concedes that should the plaintiff file a state court action, the Government would remove the case to this Court for resolution of these state-law issues.

attempts to enforce a federal tax lien, a question of federal law is presented which allows the target of the enforcement action to bring an interpleader action. See CPS Electric, Ltd. v. United States, 166 F.Supp.2d 727, 729 (N.D.N.Y. 2001); Advantage Title Agency, Inc. v. Rosen, 297 F.Supp.2d 536, 539 (E.D.N.Y., 2003); Shelter Mut. Ins. v. Gregory, 555 F.Supp.2d 922, 928 (M.D.Tenn., 2008). Thus federal question jurisdiction exists in an interpleader action where the holder of disputed funds is faced with a federal tax lien because federal jurisdiction would have existed in an action brought by the IRS to enforce the lien. CPS Electric, Ltd., 166 F.Supp.2d at 729. As stated by the District Court in Mission Primary Care Clinic, PLLC v. Director, Internal Revenue Service, 2008 WL 1724005, *5 (S.D.Miss., April 10 2008) "every United States Court of Appeals and District Court which has addressed the issue has concluded that, even though a federal question is absent from the face of a plaintiff's well-pleaded complaint, 'federal question jurisdiction exists if such jurisdiction would have existed in a coercive action by the defendant.'" (quoting Bell & Beckwith v. United States, 766 F.2d 910, 914 (6th Cir.1985).

I concur with the numerous courts that have found that an enforcement action taken by the IRS against the holder of a fund subject to conflicting claims creates a federal question sufficient to confer federal jurisdiction in an interpleader action. While it is true that resolution of the conflicting claims made against the fund may turn on issues of state law, "since a federal tax lien is

wholly a creature of federal law, the consequences of a lien that attaches to property interests, e.g., priority determinations, are matters of federal law." Atlantic States Const., Inc. v. Hand, Arendall, Bedsole, Greaves and Johnston, 892 F.2d 1530, 1534 (11th Cir., 1990). In this case, the IRS, acting pursuant to federal law, has made a claim to the funds held by the plaintiff. That act is sufficient to create a federal question with respect to the interpleader funds that is justiciable by this Court.[7] I therefore deny the Government's motion to dismiss plaintiff's complaint for lack of jurisdiction.

II. Motion to Deposit Funds

Woods Oviatt seeks an Order from the Court allowing it to deposit the interpleader funds into the registry of the Court. Plaintiff also moves to be dismissed from the case upon depositing the interpleader funds into the Court registry. Finally, Plaintiff seeks an injunction preventing the defendants from instituting any

---

[7] Although plaintiff fails to cite 28 U.S.C. § 1331 as a basis for this court's jurisdiction, the Court may nevertheless exercise jurisdiction over the Complaint on this basis because the facts pleaded in the Complaint support a finding of federal-question jurisdiction. See Magana v. Hammer & Steel, Inc., 206 F.Supp.2d 848, 851 (S.D.Tex., 2002)("Even where a plaintiff's complaint fails to cite the proper statute conferring jurisdiction, the omission will not defeat jurisdiction as long as the facts alleged satisfy jurisdictional requirements."); Hamdi ex rel. Hamdi v. Napolitano, 620 F.3d 615, 620 (6th Cir., 2010)(motion to dismiss for lack of subject-matter jurisdiction may be denied "if facts pleaded in the complaint are sufficient to infer jurisdiction."); Logan v. Belangia, 2006 WL 1967307 at *2 (D. S.C., July 12, 2006)(where a Complaint "does not contain 'an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded.'"((quoting Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir., 1999)).

new action in any court against plaintiff for the purpose of recovering the interpleader funds.

It is the plaintiff's burden to establish entitlement to relief when bringing an interpleader action. Star Ins. Co. v. Cedar Valley Express, LLC, 273 F.Supp.2d 38, 41 (D. D.C., 2002). Upon demonstrating entitlement to relief, the plaintiff is then generally allowed to deposit the interpleader funds into the registry of the court, be dismissed from the case, and obtain an Order enjoining potential claimants from instituting new actions against the plaintiff regarding the disputed funds. Commercial Nat. Bank of Chicago v. Demos, 18 F.3d 485, 487-88 (7th Cir., 1994)(interpleader action allows plaintiff "'to put the money ... in dispute into court, withdraw from the proceeding, and leave the claimants to litigate between themselves the ownership of the fund in court.'")(quoting Commercial Union Ins. Co. v. United States, 999 F.2d 581, 583 (D.C.Cir.1993)); Kurland v. U.S., 919 F.Supp. 419, 421 (M.D.Fla., 1996). An interpleader plaintiff establishes a right to relief when it demonstrates that it is subject to liability for multiple and conflicting claims to property in the plaintiff's possession. Truck-A-Tune, Inc. v. Re, 856 F.Supp. 77, 80 (D. Conn., 1993)("the sole basis for equitable relief to the plaintiff as a stakeholder is the threat of multiple liability or the vexation of conflicting claims."); New York Life Ins. Co. v. Apostolidis, 841 F.Supp.2d 711, 716 (E.D.N.Y., 2012)(plaintiff must establish that it is subject to "a real and reasonable fear of double liability or vexatious, conflicting claims" to be entitled

to interpleader relief.)(quoting <u>Washington Elec. Coop. v. Paterson, Walke & Pratt, P.C.</u>, 985 F.2d 677, 679 (2d Cir.1993)).

In the instant case, Woods Oviatt has demonstrated that the interpleader funds are subject to competing claims, and that it could be subject to liability for failing to honor at least one of the claims. Specifically, the plaintiff has established that the funds in its possession were being held pursuant to an Order of the New York State Supreme Court in an action brought by the New York State Department of Environmental Conservation against the Sinisgalli defendants for costs associated with the environmental clean up of a contaminated landfill owned or operated by the Sinisgalli defendants. The DEC claims that it is entitled to those funds as damages in the State Court action for the purpose of paying for or defraying the costs of remediating the contaminated site, and that Woods Oviatt is prohibited from disbursing the funds held in the escrow account without approval of the New York State Supreme Court. Woods Oviatt has also established that the IRS has instituted an enforcement action against it for purposes of collecting back taxes allegedly owed by Sinisgalli, the Sinisgallis, or the Sinisgalli defendants, and that the IRS has threatened plaintiff with personal liability if it does not honor the IRS's notice of levy. Accordingly, Woods Oviatt has clearly established that it is subject to competing and conflicting claims to the funds held in trust: it is holding funds that cannot be disbursed without approval of Judge Frazee of the New York State

Supreme Court, and it is subject to significant civil penalties if it does not release a portion of those funds to the IRS.[8]

Because the plaintiff has established that it is entitled to interpleader relief, I grant the plaintiff's motion to deposit the interpleader funds into the Registry of this Court, and I grant plaintiff's motion to be dismissed from this action. The defendants' are further enjoined from instituting any new action against the plaintiff that would affect the interpleader funds.

III. Motion to Intervene

Donna Sinisgalli moves to intervene as a defendant in this action for purpose of making a claim to a portion of the interpleader funds. According to Donna Sinisgalli, a portion of the funds held in trust is her property, and was improperly taken from her home pursuant to the criminal search warrant executed in March 2009 during which approximately $827,000 in cash was removed from the Sinisgallis' residence. Donna Sinisgalli claims that much of this property was her personal property that should not have been taken, and rightfully belongs to her.

Defendant DEC opposes Donna Sinisgalli's motion on grounds that Donna Sinisgalli renounced any claim to the funds in an assignment of those funds to the DEC which was approved by Judge

---

[8] While the claimants' entitlement to the disputed funds will now be decided in this court, the Court notes that such a result could likely have been avoided had the IRS agreed to confer with the parties to the State Court litigation before Judge Frazee, the Judge who established the fund, and who is likely best-suited to resolve the dispute. While the IRS was acting within its rights in declining cooperate with the State Court in resolving this dispute, this Court is not convinced that the efficient administration of justice has been advanced by the IRS's actions.

Frazee in the State Court Action. Specifically, the DEC has produced the stipulation agreed to by Donna and Louis Sinisgalli, and "So Ordered" by Judge Frazee, in which Donna Sinisgalli willingly and knowingly "transfer[red] and assign[ed] all of their right, title, and interest in any portion of the Cash that the United States may determine should be returned to them to the DEC . . . ." See Exhibit "1" to the Answer to the Complaint of Defendant DEC. Donna Sinisgalli has failed to submit any evidence to suggest that this document is not binding upon her, and accordingly, I find no basis for allowing her to intervene in this action and assert any claim to the funds which she has lawfully assigned to the DEC as part of the DEC's State Court action against her, her deceased husband, and the companies they owned or controlled.[9] As a result, I deny Donna Sinisgalli's motion to intervene.

CONCLUSION

For the reasons set forth above, plaintiff's motion to deposit funds into the Court Registry is granted, as is plaintiff's motion for an injunction prohibiting the defendants from bringing any action against plaintiff with respect to the interpleader funds. Upon deposit of the interpleader funds into the Registry of the

---

[9] The Court notes that Donna Sinisgalli filed a thirteen page memorandum, two page notice of motion, four page attorney affidavit, and four page declaration in support of her motion to intervene. In the 23 pages filed, however, Donna Sinisgalli failed to even casually mention the existence of the stipulation assigning her interest in the property at issue to the DEC.

Court, the plaintiff shall be dismissed from this action. The Government's motion for judgment on the pleadings is denied, as is Donna Sinisgalli's motion to intervene.

Remaining to be decided in this case is how the interpleader funds shall be apportioned between the two remaining parties: New York State, by the DEC, and the United States, by the I.R.S. I direct these parties to meet and confer, and within 90 days from the date of this Order, report to Judge Jonathan Feldman with a proposed scheduling order to govern further proceedings in this matter.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

DATED: Rochester, New York
April 16, 2013